UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TSALACH HOLDINGS, LLC d/b/a BLESSING CAPITAL, a Wyoming limited company, <br><br> Plaintiff, <br><br> v. <br><br> EXPERIAN INFORMATION SOLUTIONS, INC., <br><br> Defendant. | Case No.  8:25-cv-01831-JWH-JDE <br><br> **STIPULATED PROTECTIVE ORDER** |

Based on the Stipulation by and between Plaintiff Tsalach Holdings, LLC d/b/a Blessing Capital ("Plaintiff") and Defendant Experian Information Solutions, Inc. ("Experian") (collectively, "Parties"), and for good cause shown, the Court finds and orders as follows.

As documents and information have been and may be sought, produced or exhibited by and among the Parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to the Parties, the Court enters this protective order.

1.     This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

2. Any party or non-party producing or filing documents or other materials in this action (the "Producing Party") may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

3. As used in this Order, "Confidential" means information designated as such by the Producing Party in good faith that meets the standards of FRCP 26(c) and the disclosure of which would reasonably be expected to cause competitive, commercial, privacy, or other cognizable harm, and that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; or (e) personal identity information.

4. If a motion, brief, pleading, deposition transcript, or other paper to be filed with the Court incorporates documents or information subject to this Order, the party filing such paper shall comply with Local Civil Rule 79, et seq.

5. All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential" hereunder), shall not be used, directly or indirectly, by any person, including the other Defendants, for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation for and trial of this action in accordance with the provisions of this Order.

6. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential" treatment under this Order, and any information contained in or derived from any

STIPULATED PROTECTIVE ORDER
Case No. 8:25-cv-01831-JWH-JDE

such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) Parties to this litigation; (c) counsel for the Parties, whether retained outside counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses whom counsel reasonably believes require access to such information for purposes of testimony in this action, provided that such are advised of the confidential nature of the information and agree to be bound by this Order; (e) present or former employees of the Producing Party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure) and (f) experts specifically retained as consultants or expert witnesses in connection with this litigation.

7.     Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 5(f) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached "Declaration of Compliance" (Exhibit A).

8.     All persons receiving any or all documents produced under this Order shall be advised of their confidential nature and all such persons to whom such disclosure is made are subject to this Order. Materials designated as confidential under this Order may only be used for the preparation for and trial of the above-captioned action between the named Parties thereto. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 5 and for the purposes specified, and in no event shall such person make any other use of such document or transcript, although nothing herein authorizes any person to disregard a lawful order or process from another court.

STIPULATED PROTECTIVE ORDER
Case No.  8:25-cv-01831-JWH-JDE

9.      Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential," subject to any ruling or order of the trial judge.

10.      This Order has been agreed to by the Parties to facilitate discovery and the production of relevant evidence in this action.  Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

11.      Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the Producing Party, except that counsel may retain one archival copy of pleadings, motion papers, transcripts, exhibits, correspondence, and attorney work product, which shall remain subject to this Order.

12.      In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the Parties shall first try to resolve such dispute in good faith in accordance with Local Civil Rule 37-1.  If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court under Local Civil Rule 37-2, et seq..  During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" subject to the provisions of this Protective Order.

13.      Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

STIPULATED PROTECTIVE ORDER
Case No.  8:25-cv-01831-JWH-JDE

14. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

IT IS SO ORDERED.

DATED: May 1, 2026

_____
JOHN D. EARLY
United States Magistrate Judge

STIPULATED PROTECTIVE ORDER
Case No. 8:25-cv-01831-JWH-JDE

## **EXHIBIT A**

## **DECLARATION OF COMPLIANCE**

I, _____, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Stipulated Protective Order entered in this action on _____, 20___.

5. I have carefully read and understand the provisions of this Stipulated Protective Order.

6. I will comply with all provisions of this Stipulated Protective Order.

7. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.

8. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this action.

STIPULATED PROTECTIVE ORDER
Case No.  8:25-cv-01831-JWH-JDE

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this _____ day of _____, 20__, at _____.

_____
QUALIFIED PERSON

STIPULATED PROTECTIVE ORDER
Case No.  8:25-cv-01831-JWH-JDE